UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON FREEDMAN,<br>    Plaintiff,<br><br>v.<br><br>ASIF ALI, EDWARD BURKE,<br>NICHOLAS MOCHI, and LESTER<br>SULLIVAN,<br><br>    Defendants. | CIVIL ACTION<br>No. 1:16-cv-11151 |

# COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1. On an otherwise peaceful evening in November of 2013, Plaintiff Jason Freedman was the subject of an unprovoked assault at the hands of Defendants – all Cambridge Police Officers – as he picketed unfair labor practices outside of a cookie store in Harvard Square. After jumping on top of Mr. Freedman and wrestling him to the ground – during the course of which Mr. Freedman was both physically and psychologically injured – these defendants charged Mr. Freedman with three crimes he did not commit in an effort to cover up their own unlawful behavior. Defendants pursued these false charges all the way through trial, but a jury of Mr. Freedman's peers saw through Defendants' deceit and acquitted him on all three counts.

2. Defendants' conduct violated Mr. Freedman's Fourth Amendment right to be free from unreasonable seizures, his Fourth Amendment right not to be subject to excessive force, his Fourth Amendment protection from malicious prosecution, and his right to free expression and association under the First Amendment. Defendants also

interfered with the aforementioned constitutional right by threats, intimidation and coercion, thereby violating the Massachusetts Civil Rights Act.

3. Mr. Freedman brings this action pursuant to 42 U.S.C. §§1983 and 1988, and the Massachusetts Civil Rights Act, M.G.L. c.12, §§11H and 11I. In addition, he alleges state law torts of malicious prosecution and false imprisonment.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the First, Fourth and Fourteenth Amendments to the United States Constitution. Federal jurisdiction exists over all federal claims under 28 U.S.C. §§1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367 to hear and decide claims arising under M.G.L. c.12, §11, and Massachusetts tort law.

5. This Court has original and personal jurisdiction over this action because Defendants reside in Massachusetts and the actions complained of occurred in Massachusetts.

6. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions on which the claims are based occurred in this judicial district.

## PARTIES

7. Plaintiff, Jason Freedman ("Plaintiff" or "Mr. Freedman"), is a resident of Boston, Massachusetts, and was at all times material to this complaint a resident of the Commonwealth of Massachusetts.

8. Defendant Asif Ali ("Defendant Ali" or "Ali") was at all times material to this complaint a duly appointed police officer of the Cambridge Police Department. His

actions alleged in this complaint were taken under color of laws of the Commonwealth of Massachusetts and the City of Cambridge. He is sued in his individual capacity.

9. Defendant Edward Burke ("Defendant Burke" or "Burke") was at all times material to this complaint a duly appointed police officer of the Cambridge Police Department. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Cambridge. He is sued in his individual capacity.

10. Defendant Nicholas Mochi ("Defendant Mochi" or "Mochi") was at all times material to this complaint a duly appointed police officer of the Cambridge Police Department. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Cambridge. He is sued in his individual capacity.

11. Defendant Lester Sullivan ("Defendant Sullivan" or "Sullivan") was at all times material to this complaint a duly appointed police officer of the Cambridge Police Department. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Cambridge. He is sued in his individual capacity.

**FACTS**

12. On November 14, 2013, Plaintiff was participating in a labor picket in Harvard Square on the sidewalk in front of a cookie store called Insomnia Cookies.

13. On that day, approximately 15 to 20 picketers – members of the labor union known as the International Workers of the World ("IWW") – were picketing on the public sidewalk in front of the store's entrance.

14. Some of the participants in the picket were holding signs and carrying flags; the group was also singing and chanting. The substance of their message was to bring awareness to Insomnia Cookies' unfair labor practices.

15. Leading the songs and chants was an individual by the name of Geoff Carens, who was using a megaphone to amplify his voice.

16. A Harvard University police officer exiting Insomnia Cookies called the Cambridge Police dispatcher to inform Cambridge Police that a picket was occurring at that location. The Harvard Officer did not suggest or allege the picketers were engaging in any unlawful conduct.

17. Nonetheless, Defendants Burke and Ali were dispatched by Cambridge Police to the location of the picket.

18. Defendants Burke and Ali, at the direction of their patrol supervisor, told Mr. Carens to turn off the megaphone.

19. Mr. Carens complied, but continued to chant loudly using his own voice.

20. Defendant Burke began using his body to push Mr. Carens off of the sidewalk towards the street.

21. Mr. Freedman verbally objected to Defendant Burke's actions.

22. Defendant Burke then physically retaliated against Mr. Freedman.

23. Defendant Ali grabbed Mr. Freedman from behind, around the neck, while Defendant Burke grabbed hold of Mr. Freedman's right wrist.

24. With Ali's arm around his neck, it was difficult for Mr. Freedman to breathe.

25. Defendants Mochi and Sullivan – who had arrived at the scene just after

Defendants Burke and Ali but had thus far remained across the street from the picket, observing the events unfold – rushed over and grabbed Mr. Freedman's arms and legs.

26. Defendants Ali, Mochi and Sullivan wrestled Mr. Freedman to the ground and pinned him to the pavement. Defendants Mochi and Sullivan knelt on Mr. Freedman's legs to keep him down.

27. It took just seconds for these officers – all larger than Mr. Freedman, who stands at approximately 5'6" and weighs 140 pounds – to immobilize Mr. Freedman.

28. Mr. Freedman's head and torso were wedged underneath a parked car. Blood covered his face. His glasses – which he needed in order to see – had flown off during the scuffle.

29. After a period of minutes, Defendants dragged Mr. Freedman from under the car, placed him in handcuffs, and took him to a waiting police prisoner transport van.

30. Mr. Freedman was transported to the Cambridge Police Station, where he was booked on charges of assault and battery of a police officer, resisting arrest, and disorderly conduct.

30. When Mr. Freedman's fellow picketers picked him up from the police station later that night, his face was cut and bruised and his arm was in a sling.

31. The following day, based on Defendants' allegations, a criminal complaint was sought against Mr. Freedman in Cambridge District Court. The complaint was based on a story fabricated by Defendants that Mr. Freedman "cross-checked" Defendant Burke with a flag stick and then fought wildly for minutes as officers attempted to handcuff him and place him under arrest.

32. A complaint issued that day, and for nearly two years thereafter, Mr.

5

Freedman had to contend with a prosecution for crimes he did not commit.

33. On July 21, 2015, after a two-day jury trial at which Defendants Mochi, Burke and Ali lied on the stand, Mr. Freedman was acquitted of all three crimes. The jury took approximately 15 minutes to deliberate and return their verdicts.

34. Although Mr. Freedman was ultimately vindicated in a court of law, he did not escape the process unscathed. Mr. Freedman lost multiple job opportunities during the pendency of his prosecution when employers conducting background checks saw that his Criminal Offender Record Information ("CORI") listed serious outstanding charges against him. He was unable to find work between November of 2014 and April of 2015 as a direct result of the false prosecution initiated and perpetuated by the Defendants.

35. Mr. Freedman also experienced physical and mental suffering as a result of Defendants' wrongful actions.

## COUNTS

### COUNT I: 42 U.S.C. §1983, Unlawful Arrest
**(All Defendants)**

36. The above paragraphs are incorporated by reference.

37. Defendants arrested Plaintiff without probable cause to believe he had committed an offense.

38. Defendants deprived Plaintiff of his clearly established and well-settled rights under the Fourth and Fourteenth Amendments to the Constitution to be free from unreasonable seizure of his person.

39. Defendants acted with knowing or reckless disregard for Plaintiff's constitutional rights.

40. As a direct and proximate result of Defendants' actions, Plaintiff suffered the damages described above.

### COUNT II: 42 U.S.C. §1983, Retaliation in Violation of the First Amendment
### (All Defendants)

41. The above paragraphs are incorporated by reference.

42. Defendants unlawfully arrested and initiated a prosecution against Plaintiff in retaliation for:

    42a. Plaintiff's complaint about Defendant Burke's assault of fellow picketer Geoff Carens; and

    42b. Plaintiff's participation in a lawful union labor picket,

in violation of Plaintiff's rights under the First Amendment.

43. By the actions described above, Defendants deprived Plaintiff of the clearly established and well-settled rights to freedom of expression and association.

44. Defendants' actions were taken with reckless disregard for Plaintiff's constitutional rights.

45. As a direct and proximate result of Defendants' actions, Plaintiff suffered the damages described above.

### COUNT III: 42 U.S.C. §1983, Excessive Force
### (All Defendants)

46. The above paragraphs are incorporated by reference.

47. Defendants, acting jointly, used unreasonable force against Plaintiff.

48. By the actions described above, Defendants deprived Plaintiff of the clearly established and well-settled right under the Fourth Amendment to be free from the excessive use of force.

49. Defendants' actions were taken with reckless disregard for Plaintiff's constitutional rights.

50. As a direct and proximate result of Defendants' actions, Plaintiff suffered the damages described above.

### COUNT IV: 42 U.S.C. §1983, Malicious Prosecution
### (All Defendants)

51. The above paragraphs are incorporated by reference.

52. When Plaintiff was arrested, Defendants knew or had reason to know he had not committed any crimes.

53. Nevertheless, in order to protect themselves, Defendants commenced or caused to be commenced a criminal prosecution, instituted with malice and without probable cause against Plaintiff.

54. Defendants based Plaintiff's prosecution on a story that was entirely fictional, and continued to tell that false version of events up to and during the course of Plaintiff's criminal trial.

55. The criminal action ultimately terminated in Plaintiff's favor on July 21, 2015, when a jury acquitted him on all counts.

56. Defendants' conduct violated Plaintiff's clearly established rights under the Fourth Amendment and the procedural due process component of the Fourteenth Amendment.

57. As a direct and proximate result of Defendants' actions, Plaintiff was arrested, charged with crimes he did not commit, and forced to endure nearly two years of criminal prosecution. He suffered the injuries and damages as set forth above.

### COUNT V: False Imprisonment (Massachusetts law)
### (All Defendants)

58. The above paragraphs are incorporated by reference.

59. Defendants committed the common law tort of false imprisonment by causing the seizure of Plaintiff without probable cause.

60. As a direct and proximate result, Plaintiff suffered the damages described above.

### COUNT VI: Malicious Prosecution (Massachusetts law)
### (All Defendants)

61. The above paragraphs are incorporated by reference.

62. Defendants caused criminal charges to be brought and continued against Plaintiff without probable cause and with malice.

63. The criminal prosecution ultimately terminated in Plaintiff's favor when a jury acquitted him of all charges.

64. As a direct and proximate result of Defendants' actions, Plaintiff suffered the damages described above.

### COUNT VII: M.G.L. c.12, §§11, Massachusetts Civil Rights Act
### (All Defendants)

65. The above paragraphs are incorporated by reference.

66. Defendants violated Plaintiff's rights by threats, intimidation and coercion.

67. As a direct and proximate result, Plaintiff suffered the injuries described above.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court:

1. Award compensatory damages;

2. Award punitive damages against Defendants;

3. Award the costs of this action, including reasonable attorneys' fees; and

4. Award such other further relief as this Court may deem necessary and appropriate.

**JURY DEMAND**

A jury trial is hereby demanded pursuant to Fed. R. Civ. P. 38(b).

RESPECTFULLY SUBMITTED,

JASON FREEDMAN,

By his attorneys,

/s/ Jeffrey P. Wiesner
Jeffrey P. Wiesner
BBO No. 655814
Shapiro, Weissberg & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
Tel.: (617) 742-5800
Fax: (617) 742-5858
Email: jwiesner@swglegal.com


/s/ Alexandra H. Deal
Alexandra H. Deal
BBO No. 660645
Deal Law
P.O. Box 560104
West Medford, MA 02156
Tel: 781-219-3749
Email: alex@ahdeallaw.com

Dated: June 20, 2016