UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11151-GAO

JASON FREEDMAN,
Plaintiff,

v.

ASIF ALI, EDWARD BURKE, NICHOLAS MOCHI, and LESTER SULLIVAN,
Defendants.

ORDER
August 2, 2017

O'TOOLE, D.J.

The plaintiff, Jason Freedman, was arrested while picketing a store in Cambridge, Massachusetts. The defendants, all Cambridge police officers, were involved in Freedman's arrest and subsequent prosecution. Freedman's complaint alleges violation of his civil rights in several respects under both federal and state statutes. The defendants have moved to partially dismiss Count IV, a claim under 42 U.S.C. § 1983 for malicious prosecution, to the extent that it may assert a violation of Freedman's procedural due process rights under the Fourteenth Amendment.

Although there is no substantive due process right under the Fourteenth Amendment to be free from malicious prosecution, "the Fourth Amendment . . . provides potentially more fertile soil" for a § 1983 claim for malicious prosecution. Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir. 2001). In particular, a plaintiff may bring a malicious prosecution suit under § 1983 "if he can establish that: 'the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor.'" Hernandez-Cuevas v. Taylor, 723 F.3d 91, 101 (1st Cir. 2013) (quoting Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012)). For example, police officers may be liable for a

wrongfully indicted defendant's "unlawful pretrial detention when they have (1) 'lied to or misled the prosecutors'; (2) 'failed to disclose exculpatory evidence'; or (3) 'unduly pressured the prosecutor to seek the indictment.'" Id. at 100 (quoting Evans, 703 F.3d at 647–48).

Because a claim for malicious prosecution can be brought under § 1983 if it is based on a violation of a plaintiff's Fourth Amendment rights, id. at 101, taking the alleged facts as true, it is plausible that the state actor defendants' actions caused a seizure of Freedman within the scope of the Fourth Amendment (made applicable to the States by the Fourteenth Amendment, Mapp v. Ohio, 367 U.S. 643, 655 (1961), which may explain the reference in the pleading to the latter). Accepting as true, as must be done on consideration of a motion to dismiss, Freedman's allegation that the basis for the criminal complaint against him was a story fabricated by the defendants, it is plausible to conclude that they could be liable for an unlawful pretrial detention, and therefore a seizure covered by the Fourth Amendment, by reason of their alleged misconduct. That plausible possibility is sufficient to defeat the motion to dismiss at this stage. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Bell Atl. Co. v. Twombly, 550 U.S. 544, 570).

The defendants' partial motion to dismiss (dkt. no. 14) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge